# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| GARY DION ALLEN EL-BEY, aka Gary Deon Elbeyallen, (TDCJ No. 02131326), § § § § | | |
| Plaintiff, § § | | |
| v. § | Civil Action No. 4:19-cv-1037-P | |
| DAVID HAGERMAN, Judge, 297th District Court, Tarrant County, Texas, § § § § § | | |
| Defendant. § | | |

## OPINION and ORDER OF DISMISSAL
## UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

The case is before the Court for review of pro-se-inmate/plaintiff Gary Dion Allen El-Bey's pleading under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all claims asserted by plaintiff El-Bey must be dismissed under authority of these provisions.

## BACKGROUND

El-Bey filed his original form civil complaint with attachment pages. Complaint 1-13, ECF No. 1. In that complaint he names only one defendant, David Hagerman, Judge, 297th District Court, Tarrant County, Texas. *Id*. at 1, 3. El-Bey complains of Judge Hagerman's actions during a criminal trial on state case numbers 1451483D and 1451837D. *Id.* at 6. This Court has the benefit of the review of the prior record of a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by El-Bey in this the Fort Worth Division of this District, styled *El-Bey v. Davis*, No. 4:18-CV-704-A. As noted in documents filed in that case, El-Bey was

convicted of possession of a controlled substance in each of these cases and was sentenced to concurrent sentences for a total sentence of 25 years. El-Bey Petition 1-2, No.4:18-CV-704-A, ECF No. 1; Davis Response 2-3, No.4:18-CV-704-A, ECF No. 16. The Court takes judicial notice of the records of this district. *See* Fed R. Evid. 201(b)(2) and (e)(1).

In this proceeding, el-Bey complains of Judge Hagerman's ruling on his motion challenging the jurisdiction of the 297th District Court. El-Bey writes:

> On April 24, 2017 in the voir dire phase of cause number 1451483D and 1451837D in the 297th Judicial District Court of Tarrant County Texas I challenged the validity of the States presumed territorial and personal jurisdiction over myself and over the land of East Tarrant County based upon the historical events that resulted in the 1843 Fort Bend Treaty of Peace and Friendship and the establishment of the town White Settlement. This challenge was issued in the form of a written motion declaring a lack of jurisdiction asserting that, as a result of the Treaty, the Caddo/Washita [or Wichita] Confederacy allowed the Republic of Texas to settle the area known as White Settlement with the Natives dwelling on the land outside its borders. . . . Along with this notice I also gave a oral renunciation of the "Presumable U.S. Citizenship" and a Declaration of Nationality stating that by being born on Aboriginal Territory foreign to the State it was my "Inalienable right" to declare my Nationality and that by doing so I had the "Inherent right" to claim the land as it's Indigenous Sovereign by Birth Right and the my Birth Right and Sovereign status I was the true land barron and allodial Title holder of this Aboriginal Territory. In the face of my jurisdictional challenge and the Declaration of my Foreign Sovereign status/and Rights Judge David Hagerman arbitrarily denied my motion to have a hearing on these issues thus depriving me of my right to not only invoke the Federal Protections of my rights, privileges and immunities secured by the Constitution and law of the United States but also to chalenge the validity of the States presumed jurisdiction [sic].

Complaint 6, ECF No. 1. Although El-Bey did not list the State of Texas as a defendant, he does seek relief against the State of Texas for violating his "indigenous rights, privileges and immunities, for false imprisonment," and for violating his right to due process of law. *Id.* For

relief, El-Bey seeks for this Court to "find that the actions of David Hagerman violated my natural rights to life, liberty, and property [property being the aboriginal territory of North Texas] and I want the Court to demand the State of Texas give back the land that was unlawfully taken." Complaint 4, ECF No. 4.

## LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff El-Bey is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a) (West 2019). Because El-Bey is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b) (West 2019).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

**A.     State of Texas-Eleventh Amendment Immunity**

As noted, within the complaint El-Bey named the State of Texas as a defendant. In the absence of consent, the Eleventh Amendment bars federal lawsuits against a state or an instrumentality of the state. S*ee Alabama v. Pugh*, 438 U.S. 781, 784 (1978); *see Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001). Thus, the State of Texas is immune from El-Bey's suit under the Eleventh Amendment. *Bitara v. Texas*, 197 Fed. Appx. 329, 2006 WL 2521237, at *1 (5th Cir. Aug. 31, 2006). Thus, any claims against the State of Texas are barred by Eleventh Amendment immunity and must be dismissed.

**B.     Official Capacity Claim Barred by Eleventh Amendment Immunity**

It appears that El-Bey has named Judge Hagerman in both an individual and official capacity. "'The Eleventh Amendment also bars a suit against a state official when 'the state is a real, substantial party in interest.'"*Id.* (quoting *Pennhurst State &h. & Hosp. v. Haldennan*, 465 U.S. 89, 101-102 (1984) (citations omitted)). Thus, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the [§ 1983] *suit* because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27

4

(1991). More specifically, "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in the official capacities as state actors." *See Davis v. Tarrant County,* 565 F.3d 214, 228 (5th Cir. 2009) (citing *Warnock v. Pecos County, Tex*., 88 F.3d 341, 343 (5th Cir. 1996) and *Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir. 1985)).

State officers sued for prospective injunctive relief in their official capacities, however, have been determined to be "persons" for purposes of a § 1983 suit and they are not entitled to immunity under the Eleventh Amendment." *Hafer,* 502 U.S. at 27; *see Aguilar v. Texas Dep't of Criminal Justice*, 160 F. 3d 1052, 1054 (5th Cir. 1998). The Fifth Circuit explained this exception to immunity first recognized by the Supreme Court in *Ex parte Young,* 209 U.S. 123 (1908):

> The Court held that enforcement of an unconstitutional law is not an official act because a state can not confer authority on its officers to violate the Constitution or federal law. *See American Bank & Trust Co. Of Opelousas v. Dent*, 982 F.2d 917, 920-21 (5th Cir. 1993). To meet the *Ex parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect. *See Saltz v. Tennessee Dep't of Employment Sec.,* 976 F.2d 966, 968 (5th Cir. 1992).

*Aguilar,* 160 F.3d at 1054.

Plaintiff El-Bey does not seek prospective declaratory or injunctive relief and thus, the *Ex parte Young* exception does not apply. Therefore, El-Bey's claim against defendant Hagerman in an official capacity must be dismissed.

C. **Absolute Immunity**

With regard to any claims against Judge Hagerman for monetary damages, judges are

5

absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also*, *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *See Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Because the complained-of conduct by Judge Hagerman was judicial in nature and was undertaken pursuant to the jurisdiction provided to the 297th Judicial District Court, Tarrant County, Texas, Judge Hagerman is entitled to absolute immunity from any monetary damages claims, and such claims must be dismissed.

**D.    Application of *Heck v. Humphrey***

Plaintiff seeks declaratory type relief and possible monetary damages under § 1983, against a state district judge for alleged actions taken in violation of the constitution that led to his conviction and sentence in the 297th District Court, Tarrant County, Texas on charges of possession of a controlled substance. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id*. at 486-87. A plaintiff does so by achieving "favorable termination

6

of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). "[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 Fed. App'x. 321, 323 (5th Cir. June 14, 2004). Although *the Heck* opinion itself involved a bar to claims for monetary damages, a dismissal of a claim for injunctive and/or declaratory relief may also be made pursuant to *Heck. See Reger v. Walker,* 312 F. App'x. 624, 625 (5th Cir. 2009) (noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a § 1983 action because they imply the invalidity of conviction); *see also Clarke v. Stadler,* 154 F.3d 186, 190-91 (5thCir. 1998)(en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*).

Plaintiff was convicted in two cases for possession of a controlled substance and is serving concurrent terms for a total sentence of 25years imprisonment. *See El-Bey v. Davis*, Davis Response 2-3, No. 4:18-CV-704-A, ECF No. 16. A ruling in favor of Plaintiff's claims that the state trial court did not have jurisdiction to prosecute him would necessarily imply the invalidity of his conviction. *See Bacilio v. Burns*, No.4:15-CV-417-Y, 2015 WL 8320249, at *3 (N.D. Tex. Dec. 9, 2015)(finding that challenge to state court's jurisdiction was barred by *Heck*) (citations omitted); *Perez v. Texas*, No. 2:18-CV-249, 2018 WL 5258586, at *3 (S.D. Tex. Oct. 1, 2018) ("Plaintiff's claims attacking the lack of subject matter jurisdiction over his criminal prosecution in Kleberg County are subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)), *R and R adopted*, 2018 WL 5249995 (S.D. Tex. Oct. 22,

7

2018); *see generally Boyd*, 31 F.3d at 282-83 (noting that the *Heck* opinion itself arose from allegations by inmate defendant that he was victim of a conspiracy by county prosecutors and a police investigator to destroy exculpatory evidence, to determine that claims by inmate defendant that state judge, prosecutor, county sheriff and investigator conspired to violate his constitutional rights causing him to be convicted, were barred by *Heck*).

Because *Heck v. Humphrey* applies to El-Bey's claims, in order to proceed with this civil rights case, he must demonstrate that his allegedly improper conviction has been reversed, invalidated, or expunged prior to bringing these claims under § 1983. Although El-Bey challenged his state convictions on direct appeal and on a petition for discretionary review, and through a federal petition for writ of habeas corpus, he has not obtained relief against his conviction. *See El-Bey v. Davis*, Memorandum Opinion and Order 1-2, No. 4:18-CV-704-A (N.D. Tex. July 3, 2019). Because El-Bey has failed to make a showing that his conviction has been set aside in the manner listed in *Heck v. Humphrey,* his claims under § 1983 are not cognizable at this time. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## CONCLUSION

It is therefore **ORDERED** that all Plaintiff's claims for monetary damages against Judge David Hagerman are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii). It is further **ORDERED** that all Plaintiff's claims against the State of Texas and against David Hagerman in his official capacity are

8

**DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). It is further **ORDERED** that all Plaintiff's claims are alternatively **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck v. Humphrey* conditions are met,[1] under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **13th day** of **March, 2020**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).